IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrith Watchman-Moore, et al., | No. CV-17-08187-PCT-BSB |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

The United States of America ("Defendant" or "the government") has filed a partial motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (Doc. 11.) Plaintiffs have filed a response to the motion and a motion for leave to amend. (Doc. 17.) As set forth below, the Court recommends that the partial motion to dismiss be granted and that the motion for leave to amend be denied without prejudice.[1]

**I    Background**

Plaintiffs bring this wrongful death action under the Federal Tort Claim Act ("FTCA"). (Doc. 1.) In the Complaint, Plaintiffs allege that on February 7, 2014, Chantal Moore (the decedent) was admitted to Fort Defiance Indian Hospital with a

---

[1] Because not all of the named defendants have been served or consented to magistrate judge jurisdiction, the assigned magistrate judge lacks jurisdiction to dismiss the Complaint and therefore issues this Report and Recommendation to a United States District Judge. *See Williams v. King*, ___ F.3d ___, 2017 WL 5180205, at *3 (9th Cir. Nov. 9, 2017) (holding that the absence of consent from unserved defendants deprived the magistrate judge of jurisdiction to dismiss the complaint); *see also* 28 U.S.C. § 636(c).

diagnosis of pneumonia.  (Doc. 1 at ¶ 31.)  On February 12, 2014, the decedent fell in the hospital bathroom, hit her head, and was found actively seizing on the floor.  (*Id*. at ¶ 37.)  The decedent suffered another seizure later that day.  (*Id*. at ¶ 38.)  A CT-scan showed hemorrhages, and the decedent showed signs of brain damage.  (*Id*. at ¶¶ 38-39.)  The decedent was transferred to Flagstaff Medical Center where, after surgery, she died on February 15, 2014.  (*Id*. at ¶¶ 40, 42, 44.)  After filing an administrative claim, which was denied, Plaintiffs filed a Complaint in this Court.  (*Id.* at ¶¶ 10-11.)

In addition to the United States of America, Plaintiffs bring suit against three additional categories of defendants: (1) the hospital: Fort Defiance Indian Hospital Board, Inc., d.b.a. Fort Defiance Indian Hospital, a.k.a. Tsehootsooi Nahata'dzil Health and Medical Center ("Fort Defiance Indian Hospital"); (2) individual hospital employees: Curtis Olson, MD, Alithea Gabrellas, MD, Roger V. Begay, MD, and Cammie Oster, RN; and (3) several fictional persons and entities: Jane Doe Olsen, John Doe Gabrellas, Jane Doe Begay, John Doe Oster, John and Jane Does I-V, Black and White Corps. I-V, and Grey Partnerships I-V.  (Doc. 1.)

**II.     Standards for Motions to Dismiss Under Rules 12(b)(1) and 12(b)(6)**

Rule 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction."  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  The court should address arguments raised under Rule 12(b)(1) before addressing other arguments for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses become moot.  *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing Wright and Miller, Federal Practice and Procedure: Civil 2d § 1350, 209-10 (1990)).  Furthermore, "[t]he party asserting jurisdiction has the burden of proving all jurisdictional facts."  *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  The court presumes lack of jurisdiction until the plaintiff proves otherwise.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

In determining whether it has subject matter jurisdiction, a court is not limited to the allegations in the complaint. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Rather, the court may look beyond the complaint to extrinsic evidence, without converting the motion to dismiss to a motion for summary judgment, and it need not assume the truth of the complaint's allegations. *Id.* "With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction." *Autery v. United States,* 424 F.3d 944, 956 (9th Cir. 2005.) However, when the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the court should employ the standard for summary judgment. *Id.*

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. When a claim is challenged under this rule, the court construes the complaint liberally in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). The court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the plaintiff's favor, and views the complaint in the light most favorable to the plaintiff. *Id.* at 555. Although "detailed factual allegations" are not necessary to meet this pleading requirement, the plaintiff must, at a minimum, set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**III.    Motion to Dismiss**

The government has filed a partial motion to dismiss on several grounds. (Doc. 11.) The government first argues that Derrith Watchman-Moore, as personal representative of the decedent's estate, and the decedents' siblings, Callan David Moore, Cheyenne Sumner Moore, Cerra Dawn Moore and Chael Skye Moore, should be dismissed as plaintiffs from this action because they are not the proper parties to bring a wrongful death action under Arizona law. (*Id*. at 2.) The government also argues that

because the United States is the only proper defendant in a claim brought under the FTCA, all other defendants should be dismissed. Finally, the government argues that the Court should dismiss Plaintiffs' claims for negligent supervision, hiring, and retention in paragraphs 50-51 and 61 of the Complaint pursuant to Rule 12(b)(6) for failure to state a claim because the FTCA does not provide for suits against institutional defendants. The parties dispute whether Arizona or Navajo law applies to Plaintiffs' FTCA claim. (Doc. 11 at 3-4, Doc. 17 at 11-14; Doc. 22 at 3-5.) The Court first addresses the applicable law and then addresses the issues raised in the motion to dismiss.

### A.    Arizona or Navajo Law as the "Law of the Place"

The United States can be sued only to the extent that it has waived its sovereign immunity. *Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The FTCA, 28 U.S.C. §§ 1346(b), §§ 2671-2680, "provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). The government accepts liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances. . . ."); *United States v. Olson*, 546 U.S 43, 46 (2005) (the FTCA waives the federal government's sovereign immunity where local law would make private person liable in tort, even when uniquely governmental functions are at issue).

The government argues that in this matter Arizona law applies as the "law of the place" for purposes of the FTCA. (Doc. 11 at 3-4.) Plaintiffs assert that the Court should apply Navajo law as the "law of the place." (Doc. 17 at 11-12.) As the government correctly notes, the Ninth Circuit has not explicitly addressed whether state or tribal law

applies in a case brought under the FTCA.  However, in the context of FTCA claims, the Ninth Circuit has applied without discussion the law of the state in question, not tribal law.  *See Seyler v. United States*, 832 F.2d 120, 122 (9th Cir. 1987); *Marlys Bear Med. v. U.S. ex rel. Sec. of Dep't. of Interior*, 241 F.3d 1208, 1217-18 (9th Cir. 2001); *Bennion v. United States*, 288 Fed. App'x 443, 444 (9th Cir. 2008) (applying Idaho law to a malpractice claim arising out of a wellness center within the Coeur d'Alene Tribe reservation).

Additionally, courts in the District of Arizona have applied Arizona law rather than tribal law to FTCA claims.  *See Ben v. United States*,  2007 WL 1461626, at *2-3 (D. Ariz. May 16, 2007) (applying Arizona law to FTCA claim arising out of car accident on Navajo Route 41); *Bryant v. United States*, 147 F. Supp. 2d 953, 957-960 (D. Ariz. 2000) (concluding that New Mexico law, not Navajo law, was the law of the place); *Dupris v. McDonald*, 2012 WL 210722, at *11 (D. Ariz. Jan. 24, 2012), *aff'd on other grounds*, 554 F. App'x 570 (9th Cir. 2014) (holding Arizona law to be the law of the place concerning alleged tortious conduct committed by employees—tribal officers—on the White Mountain Apache Reservation); *Gatling v. United States*, 2016 WL 147920, at *4 (D. Ariz. Jan. 13, 2016) (applying Arizona negligence law); *Andrade ex rel. Goodman v. United States*, 2008 WL 4183011, at *7 (D. Ariz. Sept. 8, 2008) (applying Arizona law to a scope of employment question).

The parties recognize that one district court within the Ninth Circuit has applied tribal law in an FTCA case.  *See Quechan Indian Tribe v. United States*, 535 F. Supp. 2d 1072, 1102 (S.D. Cal. 2008).  (Doc. 11 at 4; Doc. 17 at 11.)  In that case, the court relied heavily on the reasoning of *Cheromiah v. United States*, 55 F.Supp.2d 1295 (D.N.M. 1999).  However, a court in this district has analyzed *Cheromiah,* found it "unpersuasive in light of Ninth Circuit precedent," and found "compelling reasons for adhering to the traditional rule that when negligent acts or omissions occur within the boundaries of a state, the law of that state constitutes law of the place."  *Bryant*, 147 F. Supp. 2d at 959. The government urges the Court to consider the reasoning in *Bryant* and to follow

Arizona law, not tribal law.  (Doc. 11 at 4.)  In response, Plaintiffs argue that court should defer to tribal law based on *Salt River Pima-Maricopa Indian Cmty. v. United States*, 656 F. Supp. 2d 1106 (D. Ariz. 2009).  (Doc. 17 at 11-12.)  That case, however, was not brought under the FTCA.  Therefore, the *Salt River* decision does not support Plaintiffs' argument that Navajo law should apply to their claims under the FTCA.

Plaintiffs also cite *Estate of Abriana Lynn Tsinahnajinnie v. Rachel John*, 8 Navajo Rptr. 69 (Navajo 2001), and Rule 6 of the Navajo Rules of Probate Procedure, to support their argument that Navajo law applies to their claims under the FTCA.  (Doc. 17 at 11.)  The *Tsinahnajinnie* case, decided by the Supreme Court of the Navajo Nation, concerned a dispute over the distribution of insurance proceeds, filed in tribal court, between the natural parents of a child who was killed in a motor vehicle accident.  The case did not involve an FTCA claim.  *Tsinahnajinnie*, 8 Navajo Rptr. 69, 3 Am. Tribal Law 478, 480.  Likewise, Rule 6 of the Navajo Rules of Probate Procedure is irrelevant to the issues before this Court because it concerns "persons entitled to distribution of the estate in the absence of a will" under tribal law, not who has standing to bring a wrongful death action under the FTCA.  *See* www.navajocourts.org/Rules/probatepro.htm.

Plaintiffs also argue that choice of law analysis in the Restatement (Second) of the Conflict of Laws favors applying Navajo law.  (Doc. 17 at 12.)  As the government argues in its reply, the Restatement does not apply because it concerns a choice of law between two different states in federal or state court, not whether the Court should apply tribal law or state law in an FTCA action.  (Doc. 22 at 5); *see* Restatement (Second) of the Conflict of Laws §145(1)(stating that "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties . . . .").  Therefore, the Court finds that Plaintiffs have not cited binding or persuasive authority to support their argument that the Court should apply Navajo law to their claims under the FTCA.  The Court relies on the Ninth Circuit and District of Arizona cases cited above

and concludes that Arizona law is the "law of the place" for purpose of Plaintiffs' claims under the FTCA.

### B. Decedent's Siblings and the Personal Representative of the Estate

The government moves to dismiss Derrith Watchman Moore in her capacity as personal representative for decedent's estate and siblings Callan David Moore, Cheyenne Sumner Moore, Cerra Dawn Moore, and Chael Skye Moore (the siblings) on the ground that they are not proper parties to a wrongful death suit under Arizona law.[2] (Doc. 11 at 5 (citing Ariz. Rev. Stat. § 12-612(A)).)

### 1. The Siblings are not Proper Parties

The right of action for wrongful death under Arizona law "is purely statutory and the action must be brought in the names of the persons to whom the right is given by statute." *Barragan v. Superior Court, Pima Cty*, 469 P.2d 92, 94 (Ariz. Ct. App. 1970). Specifically, Arizona's wrongful death statute provides:

> An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

Ariz. Rev. Stat. § 12-612(A).

As the government argues, siblings Callan David Moore, Cheyenne Sumner Moore, Cerra Dawn Moore, and Chael Skye Moore are not proper parties in this wrongful death suit action Arizona law. (Doc. 11 at 5); *see* Ariz. Rev. Stat. § 12-612(A). A sibling may recover only if there are no primary survivors as expressly named in the statute, and under such circumstances, a sibling may only bring a wrongful death action on behalf of the decedent's estate. *See Solomon v. Harman*, 489 P.2d 236, 240 (Ariz. 1971) (affirming dismissal of decedent's brother and sister under Ariz. Rev. Stat. § 12-612(A)). Because the decedent has surviving parents, Plaintiffs Derrith Watchman Moore

---

[2] The government does not seek to dismiss Derrith Watchman Moore individually as the decedent's surviving mother. (Doc. 11 at 2 n.2.)

and Henry K. Moore, decedent's siblings Callan David Moore, Cheyenne Sumner Moore, Cerra Dawn Moore, and Chael Skye Moore may not maintain an action against the United States under § 12-612(A).   Plaintiffs do not dispute that under the Arizona wrongful death statute, the decedent's siblings are not proper parties to a wrongful death suit under Arizona law.  (Doc. 17 at 11-14.)  Rather, they argue that the siblings can pursue a claim for the wrongful death of their sister under Navajo law.  (Doc. 17 at 11-14.)  The Court has determined that Arizona law, not Navajo law, applies to Plaintiffs' claims brought under FTCA and, therefore, Plaintiffs' argument fails.   Because the decedent has surviving parents, the decedent's siblings are not authorized to maintain a wrongful death action under § 12-612(A), and the Court recommends the dismissal of those Plaintiffs' FTCA claims.

### 2.    The Personal Representative is not a Proper Party

Similarly, a decedent's estate may only maintain a wrongful death suit if no statutory beneficiary is available.  Ariz. Rev. Stat. § 12- 612(A); *Solomon*, 489 P.2d at 240 (holding that the estate is a beneficiary "only if none of those named beneficiaries survive"); *Bowslaugh v. Bowslaugh*, 617 P.2d 25, 27 (Ariz. 1979) (strictly construing the list of beneficiaries in Ariz. Rev. Stat. § 12-612(A) and not allowing estate to bring a wrongful death claim when the decedent's mother survived).   Because Derrith Watchman-Moore and Henry K. Moore are surviving parents in this action, the decedent's estate cannot be a beneficiary under Ariz. Rev. Stat. § 12–612.  In response to the motion to dismiss, Plaintiffs do not dispute that in her role as personal representative of the estate Derrith Watcham Moore may not maintain an action under § 12-612(A).[3] (Doc. 17 at 7-12.)   The decedent has surviving parents and, thus, Derrith Watchman-Moore is not statutorily authorized to bring a claim on behalf of the estate pursuant to Ariz. Rev. Stat. § 12–612.   Therefore, the Court recommends the dismissal of Derrith Watchman-Moore's claims in her capacity of personal representative of the decedent's estate.

---

[3] As discussed in Section III.B.3, Plaintiffs instead move to add a survival claim.

### 3.    Amendment to Add a Survival Claim

Plaintiffs argue that the Court should grant them leave to amend the complaint to add a new claim, a survival action on behalf of the estate under Ariz. Rev. Stat. § 14-3110, so that Derrith Watchman-Moore can remain as a plaintiff in her capacity as a personal representative of the estate.  (Doc. 17 at 7-12.)  Plaintiffs, however, have not filed a proposed amended pleading or otherwise complied with the requirements for seeking leave to file an amended complaint.  *See* LRCiv. 15.1.  Therefore, the Court recommends that Plaintiffs' motion for leave to amend to add a survival claim be denied.

### C.    Proper Defendants

The government next argues that because the United States is the only proper defendant in a claim brought under the FTCA, all other defendants should be dismissed. (Doc. 11 at 6-7.)  As discussed below, the Court recommends dismissal of all defendants other than the United States.

As set forth above, the FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees.  28 U.S.C. § 1346(b).  The FTCA makes the United States liable "to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  As originally enacted, the FTCA provided tort victims a remedy against the United States, and did not preclude suit against individual government employees.  *See Smith v. United States,* 507 U.S. 197, 215 n.15 (1993) (Stevens, J. dissenting).  However, in 1988, Congress enacted the Federal Employees Liability Reform and Tort Compensation Act, which makes claims against the United States under the FTCA the exclusive remedy for torts committed by federal employees acting within the scope of their employment.  28 U.S.C. § 2679(b)(1).  Congress's purpose in enacting this legislation was "'to protect Federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of Federal employees with an appropriate remedy against the United States.'"  *Smith,* 507 U.S. at 215 n.15 (quoting § 2(b), 102 Stat. 4564, 28 U.S.C. § 2671 note); *see also Adams v. United States*, 420 F.3d

1049, 1054 (9th Cir. 2005) (noting Congress was concerned with federal employees being held personally liable for actions taken within their scope of employment).

### 1.    Individual Defendants

The complaint names the following individual Defendants: Fort Defiance Indian Hospital employees Curtis Olson, MD, Alithea Gabrellas, MD, Roger V. Begay, MD, and Cammie Oster, RN.  (Doc. 1.)  In their response to the motion to dismiss, Plaintiffs agree to "remove" the individual defendants from the Complaint.   (Doc. 17 at 2.) Plaintiffs, however, ask the Court to clarify that the government is vicariously liable for the conduct of Fort Defiance Hospital and its employees.  (*Id*. at 3.)   However, as previously stated, the Federal Employees Liability Reform and Tort Compensation Act makes the United States liable under the FTCA for torts committed by federal employees acting within the scope of their employment.  *See* 28 U.S.C. § 2674.   The government does not dispute that this matter arises from the alleged negligence of federal employees acting within the scope and course of their employment.  Therefore, Plaintiffs' request for clarification is moot.  Because individual employees are not proper defendants under the FTCA, the Court recommends the dismissal of the individual defendants.   28 U.S.C. § 2679(a); *See Kennedy v. U.S. Postal Serv*., 145 F.3d 1077, 1078 (9th Cir. 1998) (affirming the dismissal of the Postmaster General as a defendant in an FTCA case). *Hartman v. United States Customs and Border Protection*, 2015 WL 5731618, at \*4 (D. Ariz. June 30, 2015) (recommending dismissal of individual defendants when the only remaining count was an FTCA claim).

### 2.    Fictional Defendants

The Complaint names the following fictional defendants: Jane Doe Olsen, John Doe Gabrellas, Jane Doe Begay and John Doe Oster, John and Jane Does I-V, Black and White Corps. I-V, and Grey Partnerships I-V.  (Doc. 1.)   The government moves to dismiss these defendants as improper parties. (Doc. 11 at 7.)  Plaintiffs do not respond to that argument.   (Doc. 17 at 2-3.)   Because the fictional defendants are not proper defendants to an FTCA action, the Court recommends the dismissal of the fictional

defendants. *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (dismissing Does 1-20 because the only proper party in an FTCA action is the United States); *Coward v. United States*, 2017 WL 3484154, at *3 (D. Hawaii Aug. 14, 2017) (dismissing various Doe defendants in an FTCA case).

### 3.    Fort Defiance Indian Hospital

The government also moves to dismiss Fort Defiance Indian Hospital as a defendant because the FTCA does not provide for claims against institutional entities. (Doc. 11 at 7.)  Plaintiffs do not make any legal arguments in opposition to the motion to dismiss Fort Defiance Indian Hospital.  (Doc. 17 at 2-3.)

The FTCA provides for a limited waiver of the United States' sovereign immunity and makes the United States liable "to the same extent as a private individual under like circumstances. . . ."  28 U.S.C. § 2674.  The FTCA defines "employee of the government" to include "officers and employees of any federal agency," as well as "persons acting on behalf of a federal agency in an official capacity."  28 U.S.C. § 2671. The Ninth Circuit has held that the terms "person" and "employee of the government" as used in 28 U.S.C. § 2671 do not include corporations.  *Adams v. United States*, 420 F.3d 1049, 1054 (2005).  Instead, the term "employee" is meant to be limited to individuals, and the term "persons" is to be limited to natural persons.  *Id.* at 1053-55.  Thus, the Court recommends the dismissal of Fort Defiance Indian Hospital.  *See Kennedy*, 145 F.3d at 1078 (U.S. Postal Service properly dismissed in FTCA action); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (dismissing tort claim against the VA because "[i]ndividual agencies of the United States may not be sued" under the FTCA).

### D.    Allegations of Negligent Hiring, Supervision, and Retention

Defendants move to dismiss Plaintiffs' claims for negligent hiring, supervision, and retention for failure to state a claim.  (Doc. 11 at 7-9.)  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must, at a minimum, set forth factual allegations sufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 570.  To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is

plausible on its face." *Iqbal,* 556 U.S. at 678. Plaintiffs argue that Arizona is a notice pleading state and that *Iqbal* does not apply to this case. (Doc. 17 at 3.) However, Plaintiffs' argument fails because Arizona's notice pleading standard does not apply in federal court, and instead federal procedural rules apply to this matter. *See Wright v. United States*, 2008 WL 820557, at *3 (D. Ariz. March 25, 2008) (citing *United States v. Yellow Cab Co.*, 340 U.S. 543, 553 & n. 9 (1951) (stating that although Arizona law supplies the substantive law governing a FTCA claim, the Federal Rules of Civil Procedure establish the procedural rules for the adjudication of such a claim).)[4]

The complaint alleges that Fort Defiance Indian Hospital "failed to properly supervise their staff, including physicians and nurses" (Doc. 1 at ¶ 51), "allowed inadequate and/or incompetent and/or unqualified medical personnel to staff their facility and render direct or indirect medical care to their patients," (*Id.* at ¶ 50), and "was actively and/or passively negligent by failing to properly supervise and/or credential physicians making use of hospital facilities." (Doc.1 at ¶ 61.) The government argues that these conclusory allegations fail to state a claim. (Doc. 11 at 7-11.)

To state a claim for negligent supervision under Arizona law, a plaintiff must allege that the employer knew or should have known that the employee was not competent to undertake the task delegated, and the employer's failure to supervise the employee caused injury to the plaintiff. *See Humana Hosp. Desert Valley v. Superior Ct.*, 742 P.2d 1382, 1386 (App. Ct. App. 1987). The employer's knowledge, "actual or constructive, is an essential factor in determining whether or not the [employer] exercised reasonable care or was guilty of negligence." *Tucson Med. Ctr. Inc. v. Misevch*, 545 P.2d 958, 960 (Ariz. 1976). However, when an employee's actions are hostile to his employer's interests, the courts will not impute knowledge of those actions to the employer, and the presumption is that the employer has no knowledge of those actions until proven otherwise. *Rice v. Brakel*, 310 P.3d 16, 21-22 (Ariz. Ct. App. 2013).

---

[4] Plaintiffs do not respond to the motion to dismiss their negligent hiring and retention claims. (Doc. 17 at 3-7.) The Court therefore, recommends dismissal of these claims for the same reasons it recommends dismissal of the negligent supervision claim and because it appears that Plaintiffs may have abandoned these claims.

Plaintiffs' conclusory allegations are insufficient to state a claim for negligent supervision, retention, or hiring. Plaintiffs do not identify any supervisor who was allegedly negligent in his or her supervision or decision to hire or retain Dr. Curtis Olson, Dr. Alithea Gabrellas, Dr. Roger V. Begay, or Nurse Cammie Oster. Similarly, Plaintiffs do not allege any facts that would make it plausible on its face that the United States had any knowledge that they those individuals were not competent in their duties, or that there was a reasonable possibility that they would commit the alleged medical malpractice. *See Sloan v. United States*, 2016 WL 3548766, at * 2 (D. Ariz. June 30, 2016) (dismissing negligent supervision claim because conclusory allegations did not "allege, or even suggest, that the United States knew that Toddy was not competent to perform his law enforcement duties" than thus fell "far short of the plausibility standard set forth in *Iqbal* and *Twombly*," and because the plaintiff also failed to "sufficiently allege the causation element with the  conclusory assertion that the United States' failure to supervise Toddy" caused the plaintiff's damages.). Similarly, Plaintiff has not alleged any facts to establish that the alleged failure to supervise caused the injuries at issue.

Furthermore, the FTCA does not provide for suits against institutional defendants or unnamed individuals. Therefore, to the extent that the complaint alleges claims for negligent supervision, hiring and retention by Fort Defiance Indian Hospital or unnamed supervisors, the Court recommends dismissal of those claims. *See Meier v. United States*, 310 Fed. App'x. 976 (9th Cir. 2009) (affirming dismissal of negligent hiring, training, and supervision of a Veteran's Administration doctor on the grounds that the VA hospital was not a "person" and therefore not subject to suit for purposes of the FTCA); *Adams v. United States*, 420 F.3d 1049 (9th Cir. 2005) (for purposes of the FTCA, "persons" does not include corporate entities).

Although Plaintiffs' Complaint fails to state a claim for negligent supervision, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). It appears that Plaintiffs may be able to cure their negligent supervision claim by alleging additional

facts, such as identifying the supervisors involved in their allegations.  Therefore, the Court recommends dismissal of Plaintiffs' negligent supervision claim without prejudice.

Accordingly,

**IT IS RECOMMENDED** that the government's partial motion to dismiss (Doc. 11) be **GRANTED** and that

1.      The FTCA claims brought by the decedent's siblings Callan David Moore, Cheyenne Sumner Moore, Cerra Dawn Moore, and Chael Skye Moore be **DISMISSED**.

2.      The FTCA claim brought by Derrith Watchman Moore in her capacity as personal representative of the decedent's estate be **DISMISSED**.

3.      Defendants Curtis Olson, MD, Alithea Gabrellas, MD, Roger V. Begay, MD, and Cammie Oster, RN be **DISMISSED**.

4.      Defendants Jane Doe Olsen, John Doe Gabrellas, Jane Doe Begay, John Doe Oster, John and Jane Does I-V, Black and White Corps. I-V, and Grey Partnerships I-V be **DISMISSED**.

5.      The FTCA claim against Fort Defiance Indian Hospital Board, Inc. be **DISMISSED**.

6.      Plaintiff's negligent hiring, supervision, and retention claims be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' motion for leave to amend (Doc. 17) be **DENIED** without prejudice.

**IT IS ORDERED** that the Clerk of Court shall refer this Report and Recommendation to the Honorable Stephen M. McNamee in accordance with General Order 11-03.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 13th day of April, 2018.

Bridget S. Bade
United States Magistrate Judge