# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrith Watchman-Moore, et al., | No. CV-17-08187-PCT-BSB |
| Plaintiffs, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is the United States of America's ("Defendant" or "the government") Motion to Dismiss pursuant to Rules 12(b)(1) and (b)(6). (Doc. 11.) Plaintiffs have filed a response to the Motion to Dismiss and filed a Motion for leave to amend. (Doc. 17.) Magistrate Judge jurisdiction was agreed to by some parties, but not all.[1] (Doc. 15.)

Pending before this Court, the magistrate judge's Report and Recommendation that the partial motion to dismiss be granted and that the motion for leave to amend de denied without prejudice[2]. (Doc. 34.)

After considering the Report and Recommendation and the arguments raised in the

---

[1] Because not all of the named defendants have been served or consented to magistrate judge jurisdiction, the assigned magistrate judge lacks jurisdiction to dismiss the Complaint and therefore issues the Report and Recommendation to a United States District Judge. *See Williams v King*, ___F.3d ___, 2017 WL 5180205, at *3 (9th Cir. Nov. 9, 2017)(holding that the absence of consent from unserved defendants deprived the magistrate judge of jurisdiction to dismiss the complaint); see also 28 U.S.C. § 636 (c).

[2] After the R&R was filed with this Court, but before this Court could rule, Plaintiff filed a motion to file an amended complaint with the proposed amended complaint attached. Defendant opposes the amended complaint and the motion to object and opposition are fully briefed.

Objection, the Response, and the Reply, the Court now issues the following ruling.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a *de novo* determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452,454 (9th Cir. 1983)).

**DISCUSSION**

The Government's partial motion to dismiss raises several grounds for dismissal. (Doc. 11.) The Government first argues that (a) Derrith Watchman-Moore, as personal representative of the decedent's estates, and the decedent's siblings, Callan David Moore, Cheyenne Summer Moore, Cerra Dawn Moore, and Chael Skye Moore, should be dismissed as plaintiffs from this action because they are not the proper parties to bring a wrongful death action under Arizona law. (*Id*. at 2.) The Government also argues that (b) because the United States is the only proper defendant in a claim brought under the FTCA; all other defendants should be dismissed. Additionally, the Government argues that (c) the Court should dismiss Plaintiff's claims for negligent supervision, hiring, and retention in paragraphs 50 – 51 and 61 of the Complaint pursuant to Rule 12 (b)(6) for failure to state a claim because the FTCA does not provide for suits against institutional defendants. Finally, the parties' dispute (d) whether Arizona or Navajo law applies to Plaintiffs' FTCA claim. (Doc. 11 at 3-4, Doc 17 at 11-14, Doc. 22 at 3-5.)

After reviewing this matter *de novo*, the Court agrees with the magistrate judge's recommendation on all issues. These issues have been extensively analyzed and reasoned in the Report and Recommendation. (Doc. 34.)

**A. Proper parties to a wrongful death action under Arizona Law**

The Government argues that pursuant to Arizona Revised Statute 12-612(a),

> An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.
>
> A.R.S. § 12-612(A).

The Plaintiffs object, citing that a "personal representative of [the] estate may file a survival action…." This Court agrees with the language contained within A.R.S. § 12-612(A).

### B. Proper Defendants

The Government next argues that all other named defendants should be dismissed because the United States is the only proper defendant in a claim brought under FTCA. Plaintiffs have not objected to this. As previously noted, in all future claims, the United States of America is the only properly named defendant in this case.

### C. Claims for negligent supervision, hiring, and retention

The Government argues that the FTCA does not provide for suits against institutional defendants or unnamed individuals. Plaintiff objects stating that "[the] hospital should have had protocol in place and such a failure was negligent and below the standard of care expected of a reasonable and prudent medical facility." (See Doc. 37 at 3.) To the extent that the complaint alleges independent claims for negligent supervision, hiring and retention by, the institution, Fort Defiance Indian Hospital or unnamed supervisors, this Court will dismiss those claims.

### D. Arizona or Navajo Law in an FTCA action

The government argues that in this matter Arizona law applies as the "law of the place" for purposes of the FTCA. (Doc. 11 at 3-4.) Plaintiffs assert that the Court should apply Navajo law as the "law of the place." (Doc. 17 at 11-12.) As the government correctly notes, the Ninth Circuit has not explicitly addressed whether state or tribal law applies in a case brought under the FTCA. However, in the context of FTCA claims, the Ninth Circuit has applied without discussion the law of the state in question, not tribal law. *See Seyler v. United States*, 832 F.2d 120, 122 (9th Cir. 1987); *Marlys Bear Med. v.*

*U.S. ex rel. Sec. of Dep't. of Interior*, 241 F.3d 1208, 1217-18 (9th Cir. 2001); *Bennion v. United States*, 288 Fed. App'x 443, 444 (9th Cir. 2008) (applying Idaho law to a malpractice claim arising out of a wellness center within the Coeur d'Alene Tribe reservation). This Court relies on the Ninth Circuit and District of Arizona cases cited in the conclusions reached by the magistrate judge in her Report and Recommendation (Doc. 34), and as such, finds that Arizona State law is proper venue in this instance, not tribal law.

Having reviewed the legal conclusions of the Report and Recommendation of the Magistrate Judge, and the objections having been made by both parties, the Court finds that the Magistrate Judge adequately addressed all of Petitioner's arguments. Therefore, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation. (Doc. 34.)

Finally, Plaintiff's proposed amended complaint (Doc. 39) is an extensive narrative that is not in accord with the requirements of Federal Rules of Procedure 8. As such, it would be virtually impossible for Defendants to file a meaningful answer in compliance with the Rule. Many of the allegations are, in reality, Request for Admissions, which are better left to Federal Rules of Procedure 36 or a motion for Summary Judgement.

## CONCLUSION

For all of the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendations of the magistrate judge. (Doc.34.)

**IT IS FURTHER ORDERED,**

**DISMISSING** Derrith Watchman-Moore as personal representative of decedent's estate as a Plaintiff in this action.

**DISMISSING** Decedent's siblings: Callan David Moore, Cheyenne Sumner Moore, Cerra Dawn Moore, and Chael Sky Moore as parties in this matter.

////

**IT IS FURTHER ORDERED**,

**DISMISSING** Fort Defiance Indian Hospital Board, Inc., dba Fort Defiance Indian Hospital a.k.a. Tsehootsooi Nahata'dzl Health and Medical Center as Defendant in this matter.

**DISMISSING** Curtis R. Olsen, M.D. and Jane Doe Olsen, husband and wife, as Defendants in this matter.

**DISMISSING** Alithea Gabrellas, M.C. and John Doe Gabrellas, wife and husband, as Defendants in this matter.

**DISMISSING** Roger V. Begay, M.D. and Jane Doe Begay, husband and wife, as Defendants in this matter.

**DISMISSING** Cammie Oster, R.N. and John Doe Oster, wife and husband, as Defendants in this matter.

**DISMISSING** John and Jane Does 1 – V and Black and White Corps I – V as Defendants in this matter.

**DISMISSING** Grey Partnership I – V as Defendants in this matter.

**IT IS FURTHER ORDERED,**

**DISMISSING** Plaintiff's claim for negligent supervision, hiring, and retention without prejudice.

**IT IS FURTHER ORDERED, GRANTING** the Government's partial motion to dismiss. (Doc. 11.)

**IT IS FURTHER ORDERED DENYING** Plaintiff's motion for leave to amend without prejudice. (Doc. 39.) The Plaintiff has acted prematurely by not allowing the Court to rule on the Report and Recommendation of the Magistrate Judge and the Plaintiff's actions have complicated the record. However, the Court will **GRANT** Plaintiff leave to file a new motion to amend the complaint. The new motion to amend, however, must be in accordance with the findings adopted by this Court in the Report and Recommendation and in this Order. Any motion to file a new Motion to Amend the

Complaint must be filed by **Tuesday, July 31, 2018**.

**DATED** this 22nd day of June, 2018.

_____
Honorable Stephen M. McNamee
Senior United States District Judge