**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrith Watchman-Moore, et al., | No. CV-17-08187-PCT-BSB |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Plaintiffs have filed a second motion for leave to file an amended complaint. (Doc. 51.) Defendant United States of America opposes the motion. (Doc. 55.) Plaintiffs have filed a reply in support of their motion. (Doc. 66.) The Court denies the motion for the reasons below.

**I.     Background**

On September 14, 2017, Plaintiffs commenced a wrongful death action under the Federal Tort Claim Act ("FTCA"). (Doc. 1.) In the Complaint, Plaintiffs alleged that on February 7, 2014, Chantal Moore (the decedent) was admitted to Fort Defiance Indian Hospital with a diagnosis of pneumonia. (Doc. 1 at ¶ 31.) On February 12, 2014, the decedent fell in the hospital bathroom, hit her head, and was found actively seizing on the floor. (*Id*. at ¶ 37.) The decedent suffered another seizure later that day. (*Id*. at ¶ 38.) A CT-scan showed hemorrhages, and the decedent showed signs of brain damage. (*Id*. at ¶¶ 38-39.) The decedent was transferred to Flagstaff Medical Center where, after surgery, she died on February 15, 2014. (*Id*. at ¶¶ 40, 42, 44.) After filing an

administrative claim, which was denied, Plaintiffs filed a Complaint in this Court. (*Id*. at ¶¶ 10-11.) In addition to the United States of America ("Defendant" or "the government"), the Complaint named numerous other defendants. (Doc. 1; Doc. 34 at 2.) The government filed a motion to partially dismiss the Complaint and the assigned magistrate judge issued a report and recommendation on that motion.[1] (Doc. 11.)

On June 22, 2018, District Judge Stephen M. McNamee adopted the report and recommendation. (Doc. 47.) Pursuant to that order, the Court concluded that Arizona law applied to Plaintiffs' wrongful death claim under the FTCA. (*Id*. at 3-4.) The Court dismissed, without prejudice, Plaintiffs' claims for negligent supervision, hiring, and retention. (Doc. 47 at 3, 5.) The Court dismissed all of the named Defendants except for the United States of America and dismissed the named Plaintiffs except for Derrith Watchman-Moore and Henry K. Moore, as the surviving parents of the decedent. (*Id*. at 3-5.) Therefore, after the June 22, 2018 Order, the only remaining claim in the Complaint is the wrongful death claim under the FTCA brought by Plaintiffs Derrith Watchman-Moore and Henry K. Moore, as decedent's surviving parents, against Defendant the United States of America.

In the June 22, 2018 Order, the Court denied Plaintiffs' motion for leave to amend without prejudice to filing another motion to amend by July 31, 2018. (*Id*. at 5.) The Court noted that Plaintiffs' proposed amended pleading was an "extensive narrative" that did not comply with Rule 8 of the Federal Rules of Civil Procedure and to which Defendant could not file "a meaningful answer." (*Id*.) The Court cautioned that a proposed amended pleading must comply with Rule 8 and cure any deficiencies noted in the Report and Recommendation and its order. (*Id*. at 4-5.)

///

///

---

[1] A report and recommendation was issued because, at that time, not all of the named defendants had been served or consented to magistrate judge jurisdiction. (Doc. 34 at 1 n.1 (citing *Williams v King*, ___ F.3d ___, 2017 WL 5180205, at *3 (9th Cir. Nov. 9, 2017) (holding that the absence of consent from unserved defendants deprived the magistrate judge of jurisdiction to dismiss the complaint)).) The assigned magistrate judge now has full consent of all parties. (Doc. 48); *see* 28 U.S.C. § 636(c).

## II. Motion for Leave to File Amended Complaint

On July 31, 2018, Plaintiffs filed a timely motion to amend, a proposed first amended complaint, and a supporting memorandum. (Docs. 51, 51-1, 51-2.) In their motion and memorandum, Plaintiffs state that they seek leave to amend to add: (1) a claim under Arizona's survival statute, Ariz. Rev. Stat. § 14-3110 brought by Plaintiff Derrith Watchman-Moore, in her role as personal representative of decedent's estate (Doc. 51 at 4; 51-2 at 3); and (2) a claim of negligent supervision and training. (Doc. 51 at 5; Doc. 51-2 at 4.) Defendant opposes the inclusion of certain allegations in the proposed pleading. (Doc. 55 at 2-10.) Defendant also argues that the proposed amended complaint fails to comply with Rule 8 or the June 22, 2018 Order. (*Id*. at 10-11.)

### A. Pleading Requirements

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). A complaint must also include "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Finally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When a complaint includes the factual elements of a cause of action, but those facts are not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co*., 864 F.2d 635, 640 (9th Cir. 1988).

Additionally, a party's claim must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see Bautista v. Los Angeles Cty*., 216 F.3d 837, 840-41 (9th Cir. 2000). Failure to set forth claims in such a manner places the burden "on the court to decipher which facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought." *Haynes v. Anderson & Strudwick, Inc*., 508 F. Supp. 1303, 1306 n.1 (E.D. Va. 1981). Whether to enforce Rule 10's requirements is discretionary, but it is appropriate to do so when it is necessary to facilitate a clear presentation of the claims. *See Benoit v. Ocwen*

*Fin. Corp., Inc.*, 960 F. Supp. 287 (S.D. Fla. 1997) (requiring compliance with Rule 10 where allegations were confusing and conclusory, claims were commingled, and it was impossible to determine nature of claims).

### B. The Proposed Pleading does not Comply with Rule 10

The proposed first amended complaint (FAC) alleges that the action arises under the FTCA. (Doc. 51-1 at 3.) Under the FTCA, Congress authorized suits against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ." 28 U.S.C. § 1346(b)(1). The Act gives federal courts exclusive jurisdiction over such claims. *Id*. The FTCA's waiver of immunity permits causes of action against the United States arising out of certain torts committed by federal employees acting within the scope of their employment. *See Dolan v. U.S. Postal Service*, 546 U.S. 481, 483 (2006). "[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992); *Erlin v. United States*, 364 F.3d 1127, 1132 (9th Cir. 2004) (stating that underlying cause of action in an FTCA suit comes from state law); *Schwarder v. United States*, 974 F.2d 1118, 1127 (9th Cir. 1992) (stating that "state law governs the scope of the United States' *substantive* tort liability . . . .") (emphasis in original).

Further, under the statutory procedure set forth in 28 U.S.C. § 2675(a), a "tort claimant may not commence proceedings in court against the United States without first filing [his] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *see Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (a claimant under the FTCA must comply with § 2675(a) before a district court can exert subject matter jurisdiction over the claim). The "'claim requirement of section 2675 is

jurisdictional in nature and may not be waived.'" *Jerves*, 966 F.2d at 519 (quoting *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)).

In the motion for leave to amend, Plaintiffs assert that the proposed pleading adds a claim under Arizona's survival statue, Ariz. Rev. Stat. § 14-3110, and adds allegations to support a "negligent supervision and training claim." (Doc. 51 at 4-5, Doc. 51-2 at 3-4.) Although the Court previously denied Plaintiffs leave to amend based, in part, on the form of the filing, (Doc. 47 at 4), Plaintiffs have again submitted a proposed FAC that is "an extensive narrative." (*Id.*; Doc. 51-1 at 1-52.) The caption of the proposed amending pleading identifies the FAC as including claims for "Wrongful Death, Survivor, Federal Tort Claim." (*Id.* at 1.) The proposed FAC includes sections entitled Introduction (*id.* at 2-3), Parties, Jurisdiction, and Venue (*id.* at 3-9), General Allegations (*id.* at 9-14), Factual Allegations followed by another heading entitled Supervisory Liability (*id.* at 14-50), and Demand against Defendants. (*Id.* at 50-52).

The proposed FAC fails to clearly identify Plaintiffs' claims—the underlying state law causes of action—and does not set forth those claims in separate counts. *See Bautista*, 216 F.3d at 840-41; *see Watson v. United States*, 2017 WL 2904263, at *2 (identifying the FTCA as a "vehicle through which [a plaintiff] brings [tort] claims against the United States."). Plaintiffs' failure to clearly identify their claims has caused confusion about what claims they are asserting. For example, Plaintiffs' motion to amend refers to a "negligent supervision and training claim." (Doc. 51 at 5.) However, the proposed FAC does not identify such a claim as a separate count. (Doc. 52-1 at 1-52.) In its response to the motion to amend, Defendant refers to a claim of negligence based on a "failure to adopt, revise, or implement adequate hospital policy on fall prevention." (Doc. 55 at 2.) However, because the proposed FAC does not clearly identify any particular claim, it is unclear whether the proposed FAC asserts such a negligence claim. Additionally, Defendant states that the only claim Plaintiffs properly exhausted is a medical malpractice claim (Doc. 55 at 6), but the proposed FAC does not

clearly identify that claim in the body of the FAC and does not include that claim in a separate count. *See Bautista,* 216 F.3d at 840-41.

Plaintiffs' failure to identify the state law causes of action and failure to set forth their claims in separate numbered paragraphs has shifted the burden "on the court to decipher which facts support which claims, as well as to determine whether [Plaintiffs are] entitled to the relief sought." *Haynes*, 508 F. Supp. at 1306 n.1. The manner in which the proposed FAC is drafted does not comply with Rule 10 or the Court's June 22, 2018 order and prevents the Court, and Defendant, from determining what claims Plaintiffs are asserting. Additionally, Plaintiffs' failure to clearly identify each of their claims prevents the Court from determining whether they have satisfied the exhaustion requirement as to each claim. *See* 28 U.S.C. § 2675(a); *Jerves*, 966 F.2d at (stating that because the requirement of an administrative claim is jurisdictional, it "must be strictly adhered to."). For these reasons, the Court denies the motion for leave to amend. However, the Court grants Plaintiffs a final opportunity to file a motion for leave to amend and to submit a proposed FAC that fully complies with the federal pleading requirements, including the requirements in Rule 10. If Plaintiffs wish to file an amended complaint, they shall set forth each claim as a separate count by clearly numbering and distinguishing each claim, including the underlying factual allegations for each claim.

Accordingly,

**IT IS ORDERED** that Plaintiffs' second motion for leave to amend (Doc. 51) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that within **fourteen days** of the date of this order, Plaintiffs may file a third motion for leave to amend. The motion for leave to amend and the proposed amended complaint must comply with the applicable federal and local rules of Civil Procedure and this Order.

Dated this 28th day of August, 2018.

_____
Bridget S. Bade
United States Magistrate Judge